Sugar Creek Coal Mining Co. v. Peterson.

---

## Sugar Creek Coal Mining Co. v. Emanuel Peterson.

1. EVIDENCE—*Of an Accident to Show Notice that Repairs Were Required.*—In a suit by a miner against a coal mining company for damages caused by a failure of the company to furnish necessary props, the court admitted evidence to show that a short time prior to the injury to the plaintiff a part of the roof of his room fell, and that the side of the room where the fall occurred was then supplied with props. *Held,* that the evidence was proper as tending to show notice to the defendant of the necessity of furnishing props to prevent the falling of the roof.

2. INSTRUCTIONS—*Error is Not Necessarily Ground for Reversal.*—The court holds that certain instructions (not given in the opinion) are open to some criticism, but that they do not furnish ground for reversal.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

CONKLING & GROUT, attorneys for appellant.

PATTON, HAMILTON & PATTON, attorneys for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

This was an action on the case brought by the appellee against the appellant in the Circuit Court of Sangamon County to recover damages for a personal injury. There was a trial by jury and a verdict for the appellee for $2,500. The appellant brings the case to this court by appeal and urges as grounds for reversal that the Circuit Court admitted improper evidence; that the verdict is contrary to the evidence; that the damages are excessive, and that the rulings of the court on the instructions were erroneous.

The declaration contains three counts. The first alleges that the appellee was a coal miner, working for the appellant, and it was the duty of the appellant to provide him a reasonably safe place to work; but that the appellant carelessly permitted the roof of the room in the mine where he worked, to become cracked and unsupported, and after notice of its condition, promised to furnish props and cap pieces to make it safe, but failed to do so, and by reason of such failure the appellee was injured by the falling of coal, dirt, rocks, etc., from said roof.

The second count alleges a willful failure to keep a supply of timber constantly on hand of sufficient length and dimensions to be used as props and cap pieces, and to deliver same as required, so that the appellee could make secure the roof where he was working; and that the said roof was willfully allowed to become cracked and loose so that it fell upon him and injured him.

The third count charges a failure to properly inspect the mine.

The defendant below, appellant here, filed a plea of not guilty.

The evidence shows that the appellee was a coal miner, working in the coal mine of the appellant at Auburn in

Sangamon county.  He was working in room No. 12, and had been for some three weeks before he was injured.  The room where he worked when injured had been opened up before he commenced working in it, so that it was driven in some twenty-five feet deep and about thirty feet wide. The top layer of coal, some four or five inches thick, was left as a support for the roof.  Props were necessary to make this roof safe to work under.

The appellee, after he had commenced working in this room, had repeatedly requested the " straw boss," Hartman, whose duty it was to supply them, to furnish props for this roof, but none were provided until after a part of the roof in this room on the north side, had fallen.  Then some props were furnished, sawed the right length by an employe of the appellant other than the appellee, and were used by the appellee and his partner to prop this roof.  This was several days before the injury sued for, was received. After the props thus furnished had been used, and before the injury was received, the appellee repeatedly requested more props, and they were promised him by the servants of the appellant having charge of furnishing them.

The day before the injury, a load of props were brought for the appellee, but they were too long to be used without being sawed off.  On the morning of the injury, and some time before it occurred, the appellee, observing the props were too long for use, requested the " straw boss," Hartman, to have them sawed off, so he could use them, and he promised he would send some one to saw them right away, but failed to do so; and the appellee, thinking the roof safe to work under until the props could be sawed off and put up, went to work.

A short time thereafter he was severely injured by the roof of his room falling on him.

It is contended by the appellant that it was the duty of the appellee to saw off these props, so as to make them the right length for use; but we think the evidence shows that the appellant had been doing this work before, and had a boy employed for that purpose; hence the appellee had a

right to expect that the appellant would continue to have it done.

The appellant insists that the Circuit Court ought not to have permitted the appellee to show that about a week prior to the injury a part of the roof of his room fell, and that the side of the roof where it had fallen, had been propped. But we think this was not error, because it tended to show notice to the appellant of the necessity of promptly furnishing props to this room to prevent the falling of the roof.

The appellant claims that the first three instructions given at the request of the appellee were erroneous.

We have examined these instructions carefully, and while they are open to some criticism, we do not think they contain reversible error.

As to the verdict being excessive, we will say that the evidence shows that the injuries received by the appellee were very painful, and most likely are permanent, therefore we will not reverse on that account.

Finding no reversible error in this record, we affirm the judgment of the Circuit Court.    Judgment affirmed.